# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>Plaintiff,<br><br>v.<br><br>KOKOR, et al.,<br><br>Defendants. | Case No. 1:17-cv-01166-AWI-JLT (PC)<br><br>**ORDER FINDING COGNIZABLE CLAIMS**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff has stated cognizable claims under the Eight Amendment against two unidentified correctional officers who ignored his plea for help when he was suicidal and instead sprayed him with pepper-spray. However, this action cannot advance without information upon which to identify the correctional officers. Once such information is received this action may proceed.

**A.** **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed

1

per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Summary of the Complaint

Plaintiff complains of incidents that occurred on September 23, 2016 when he was transferred from SATF to CCI. Plaintiff names correctional officers Doe 1 and Doe 2 as the only defendants in this action and seeks to proceed on two claims under the Eighth Amendment for excessive force and deliberate indifference to obtain monetary damages and declaratory relief.[1]

Plaintiff alleges that, on September 23, 2106 when he arrived at CCI, his new cellmate explained to Plaintiff what the other inmates were planning to do to him once he was released from orientation status and that was all they talked about on the bus ride from SATF to CCI. Plaintiff had grave safety concerns and felt suicidal.

---

[1] Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. *Rhodes*, 408 F.3d at 565-66 n.8. Therefore, Plaintiff may not pursue separate declaratory relief in this action.

2

After the evening meal was concluded, Plaintiff stood at the door of his cell and when Doe #1 arrived, Plaintiff immediately told him that Plaintiff is a CCCMS patient and that he felt suicidal. Doe 1 informed Plaintiff "This is CCI, its not a soft-prison, so deal with it," and walked away in violation of CDCR policy that dictated Doe #1 should have handcuffed Plaintiff and taken him to a cell for observation to ensure he did not harm himself.

Doe #2 came around later and "noticed that Plaintiff was hanging with a sheet tightly tied around his neck, inside his cell. Rather than take immediate action, Doe #2 stepped away from the door and returned several times to see Plaintiff still hanging by the sheet tied around his neck. Despite this, Doe #2 walked away and continued the institutional count. Upon completion of the count, Doe #2 returned to find Plaintiff still hanging with the sheet "twisted and tied tightly" around Plaintiff's neck. Doe #2 was joined by Doe #1 and they opened the tray slot and sprayed Plaintiff with pepper-spray while yelling "Stop hanging yourself!" When they stopped spraying the pepper-spray, Plaintiff swiftly untied the sheet and took it from around his neck. Despite his compliance, Doe #1 and Doe #2 sprayed Plaintiff with pepper-spray a second time for 90 seconds while yelling "Stop hanging yourself!" As a result, Plaintiff suffered the immediate effects of the pepper-spray as well as emotional trauma from the incident and now requires three medications for asthma and allergies.

For the reasons discussed below, Plaintiff states cognizable claims against both Doe Defendants for excessive force and deliberate indifference to his serious medical needs under the Eighth Amendment. However, as noted previously, Plaintiff cannot proceed on his claims without providing identifying information on the Doe Defendants. The U.S. Marshals Service must have some information with which to serve this action on the Does. Thus, Plaintiff is ordered to submit all information he has from which the Doe Defendants' identities might be extrapolated.

### C. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

**D.     Plaintiff's Eighth Amendment Claims**

**1.     Deliberate Indifference**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*,

439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's suicidal feelings are accepted as serious medical needs.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060

(9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Clearly, Doe #1 was deliberately indifferent when he told Plaintiff that CCI is not a soft prison, so deal with it and walked away after Plaintiff first informed him of feeling suicidal. Both Doe #1 and Doe #2 were also deliberately indifferent when they saw Plaintiff was hanging himself and sprayed him with pepper-spray. Plaintiff thus states cognizable claims for deliberate indifference against both Doe #1 and Doe #2.

### 2. **Excessive Force**

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), *cert. denied*, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation omitted).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." *Hudson*, 503 U.S. at 7 (1992) (citing *Whitley v.*

*Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id.* Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.* That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id.* at 9.

Clearly the second round of pepper-spray, applied by both Doe #1 and Doe #2, after Plaintiff had complied and removed the sheet from around his neck, constituted excessive force. This claim is cognizable.

### E.    **Identifying Doe Defendants**

Doe #1 and Doe #2 are the only Defendants in this action. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422

(internal quotations and citation omitted). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Doe #1 and Doe #2 must be identified. Plaintiff shall submit copies of the inmate appeal, CDCR 602, which he filed and pursued on this incident -- including all levels of review. If Plaintiff has any records reflecting the name(s) and/or signature(s) of Doe #1 or Doe #2 he shall submit them as well to assist service efforts. Plaintiff may also provide information such as the place (and his housing unit), date, and time that he saw these Defendants, their shifts, job titles, duties, and all identifying attributes that he can recall about them such as their gender, hair color, height, weight, and the like. Plaintiff is cautioned and encouraged to submit everything he has in response to this order. If the Doe Defendants cannot be identified, they cannot be served which will result in recommendation that this action be dismissed. Fed. R.Civ. P. 4(m).

### F. Conclusion

The Complaint has been screened pursuant to 28 U.S.C. § 1915A. The Court finds that it states a cognizable claim for relief under section 1983 against Defendants Doe #1 and Doe #2 for under the Eighth Amendment for deliberate indifference to Plaintiff's serious medical needs and excessive force. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-15 (2002); *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Jackson v. Carey*, 353 F.3d 750, 754 (9th Cir. 2003); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). However, this action cannot be served on unidentified defendants. Thus, Plaintiff shall submit all information available to him to identify the names of Defendants Doe #1 and Doe #2.

Accordingly, the Court **ORDERS:**

1. **Within 21 days** of the date of service of this order, Plaintiff **SHALL** submit copies of the inmate appeal, CDCR 602 which he filed on the claims in this action including all levels of review and all information he has which might assist to identify Doe #1 and Doe #2.

2. Alternatively, if Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal.

**Failure to comply with this order will result in recommendation that this action be dismissed without prejudice.**

IT IS SO ORDERED.

    Dated:   **March 28, 2018**                                 **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE